IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAN BYRNE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:06-CV-1084-WKW |
| | ) | |
| ALABAMA ALCOHOLIC BEVERAGE | ) | |
| CONTROL BOARD, and | ) | |
| EMORY FOLMAR, in his individual | ) | |
| and official capacities, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF MOTION BY DEFENDANT
EMORY FOLMAR TO DISMISS FOR FAILURE TO STATE A
CLAIM UPON WHICH RELIEF CAN BE GRANTED OR, IN THE
ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

Emory Folmar, a named Defendant in the above-styled cause sued in his individual capacity and in his official capacity, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, has filed the accompanying motion to dismiss this action, with prejudice, for failure to state a claim upon which relief may be granted. As grounds for the motion to dismiss, Defendant would show unto the Court as follows:

**INDIVIDUAL CAPACITY**

The Plaintiff's entire Complaint is based upon Emory Folmar's handling of personnel and organizational matters in his role as Administrator of the Alabama ABC Board. As such Administrator, Emory Folmar is entitled to qualified immunity against suit for all

1

discretionary acts performed in his official capacity. Plaintiff does not allege any acts other than those performed in the exercise of discretion in the performance of the Defendant's official duties.

In the case of *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1366 (11th Cir. 1998), the United States Court of Appeals for the Eleventh Circuit held that

> "[b]ecause qualified immunity shields government actors in all but exceptional cases, courts should think long and hard before stripping defendants of immunity." *Lassiter v. Alabama A&M University, Bd. of Trustees*, 28 F.3d 1146, 1149 (11th Cir. 1994).
>
> Under the qualified immunity doctrine, government officials performing discretionary functions are immune not just from liability, but from suit, unless the conduct which is the basis for suit violates "clearly established [federal] statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738, 73 L. Ed. 2d 396 (1982)."

(Footnote omitted.)

Again, in *GJR Investments*, the Eleventh Circuit held that

> "[w]e have recognized this danger, noting that 'a plaintiff must not be permitted, through the use of the kind of "shotgun" pleading tactic evident here, to strip government officials of the protection provided by the official immunity doctrine.' *Marx v. Gumbinner*, 855 F.2d 783, 792 (11th Cir. 1988)."

*Id.* at 1369.

This has consistently been the position of the Eleventh Circuit and of this Court. As recently as March 2006, this Court, in *Urbanique Production v. City of Montgomery*, 428 F. Supp. 2d 1193, 1204 (M.D. Ala. 2006), stated that

> A government official may raise qualified immunity as an affirmative defense to a § 1983 individual-capacity lawsuit. *Wilson v. Strong*, 156 F. 3d 1131, 1135 (11th Cir. 1998).

2

This Court held that a two-step analysis is involved for the qualified immunity defense. The first inquiry concerns whether the government official was engaged in a "discretionary function":

> "*See O'Rourke v. Hayes*, 378 F. 3d 1201, 1205 (11th Cir. 2004) (when determining whether a government official acted within scope of discretionary authority, '"we do not ask whether [a government official] has the right to engage in unconstitutional searches and seizures, but whether engaging in searches and seizures in general is a part of his job-related powers and responsibilities'")."

*Id.* at 1204.

Title 28 of the Code of Alabama is the statutory authority governing the Alabama ABC Board. In § 28-3-42, the duties of the ABC Administrator are stated. Subsection (a), first paragraph, first sentence reads:

> The board shall appoint an administrator who, under the supervision of the board, shall administer the provisions of this chapter.

Ala. Code § 28-3-42(a)(5) states:

> The administrator, with the approval of the board, shall fix the duties of all employees authorized by this chapter.

At all times complained of in the Plaintiff's Complaint, Defendant Emory Folmar was acting in the line and scope of his discretionary authority as Administrator of the Alabama ABC Board, and he is entitled to qualified immunity from liability under §1983 for such actions.

## OFFICIAL CAPACITY

Defendant Folmar has also been sued in his official capacity as Administrator of the Alabama ABC Board. Actions against individual officials sued in their official capacity are deemed actions against the State. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Accordingly, all such claims for damages are barred by the Eleventh Amendment of the United States Constitution from being heard in federal courts.

Congress has never abrogated Eleventh Amendment immunity in 42 U.S.C. § 1983 lawsuits, and the State of Alabama has never waived such immunity. *See Carr v. City of Florence*, 916 F.2d 1521 (11th Cir. 1990); *Cross v. State of Alabama*, 49 F.3d 1490 (11th Cir. 1995).

In addition, the action against Defendant Folmar in his official capacity is precluded by the settled principle that neither a State nor its officials acting in their official capacities are "persons" subject to suit under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. at 71.

## FAILURE TO STATE A CLAIM

The Plaintiff has utterly failed to comply with the holdings of this Court and the United States Court of Appeals for the Eleventh Circuit that require specificity in the pleading of claims brought under Title VII (42 U.S.C. § 2000e) and 42 U.S.C. § 1983. The Complaint contains 62 numbered paragraphs alleging general averments of fact. These are then incorporated piecemeal into three Counts which fail to state specific, actionable causes of action.

The Eleventh Circuit and this Court have consistently held that when the issue of qualified immunity must be decided, "shotgun" pleadings are disfavored. *Sikes v. Teleline, Inc.*, 281 F.3d 1350, 1355 n.9 (11th Cir. 2002). In *Underwood v. Perry County Comm'n*, 431 F.3d 788, 793 (11th Cir. 2005), the court said:

> "When section 1983 is used as a parallel remedy for violation . . . of Title VII, the elements of the two causes of action are the same." *Hardin v. Stynchcomb*, 691 F.2d 1364, 1369 n.16 (11th Cir. 1982).
>
> The court in *Underwood* also stated:
>
> "In examining the record, we view the evidence in the light most favorable to the non-moving party." *Damon v. Fleming Supremarkets of Fla., Inc.*, 196 F.3d 1354, 1357 (11th Cir.1999).

*Id.* at 793.

Even when the averments of the Complaint are read in the light most favorable to the Plaintiff, she cannot make out a cause of action under any theory. However, in accord with the United States Supreme Court's decision in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002), the Defendant in the accompanying motion also has moved the Court for an Order, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, directing the Plaintiff to make a More Definite Statement of her claim specifying the facts that she claims prove each element of each Count alleged in her Complaint.

## CONCLUSION

The Court should dismiss this action due to the Plaintiff's complete failure to state a claim upon which relief can be granted, or, in the alternative, the Court should order the Plaintiff to make a More Definite Statement within ten (10) days.

Respectfully submitted this 29th day of December, 2006.

*Joseph W. Adams*
Joseph W. Adams (ASB 3743 A34J)
Attorney for Defendants
Post Office Box 1487
Ozark, AL 36361
Telephone: (334) 774-5533
Facsimile: (334) 774-1252
E-Mail: Joeadamslaw@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on Jay Lewis, at Post Office Box 5059, Montgomery, AL 36103, Attorney for Plaintiff, on this 29th day of December, 2006, by placing a copy of the same in the United States mail, properly addressed and with postage prepaid.

*Joe W. Adams*
Joe W. Adams (ASB 3743 A34J)
Attorney for Defendants