IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAN BYRNE, | * | |
|     Plaintiff, | * | |
| | * | |
| v. | * | Civil Case No. 2:06-CV-1084-WKW |
| | * | |
| ALABAMA ALCOHOLIC BEVERAGE | * | |
| CONTROL BOARD, and | * | |
| EMORY FOLMAR, in his individual | * | |
| and official capacities, | * | |
|     Defendants. | * | |

### RESPONSE TO MOTION TO DISMISS

COMES NOW Plaintiff Jan Byrne (hereinafter, "Byrne"), by and through her attorney of record, and responds to Defendant Folmar's motion to dismiss as follows:

### INDIVIDUAL CAPACITY

Plaintiff agrees that Folmar is entitled to a qualified immunity analysis, but disagrees that he is entitled to any relief under that doctrine.

Folmar rests his entire case for qualified-immunity dismissal on the fact that he was acting within his discretionary function. That is only part of the analysis, however; there's more. Qualified immunity protects from liability government officials sued in their individual capacities **if their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."** *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir.2002) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982)). The Eleventh Circuit reaffirmed that principle just last week in *Hawthorne v. Sheriff of Broward County*, 2007 WL 5809, *2 (11th Cir., January 3, 2007).

The doctrine of qualified immunity protects public officials from monetary liability only when their conduct does not violate "clearly established" law. To overcome the defense of qualified immunity – to demonstrate that the law is "clearly established" – a plaintiff must show that the public official had fair warning of what the law required. One way to demonstrate "fair warning" is by pointing out a prior case with similar facts, but that is not the only way. See, e.g., *United States v. Lanier*, 520 U.S. 259, 271 (1997)(recognizing that a general constitutional rule may apply with "obvious clarity to the specific conduct in question," even though the challenged conduct has not previously been held unlawful); see also, *Hope v. Pelzer*, 122 S.Ct. 2508 (2002).

In another approach to showing fair warning, a court may determine from facts alleged, taken in a light most favorable to the plaintiff, that the public official's conduct violated a constitutional right. If a violation can be made out, the court must then ask whether the right was clearly established. See *Saucier v. Katz*, 121 S.Ct. 2151 (2001). "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* at 2156.

This considered, all that is required of public officials, is that, "in the light of pre-existing law, the unlawfulness must be apparent." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). "The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id.*

The salient question before this Court is whether the contours of the law, existing at the time of the alleged constitutional violations, was sufficiently clear to give reasonable public officers "fair notice" that they could be liable for their intentional acts.

As to Folmar, this question must be answered in the affirmative. Gender discrimination

was a clearly established violation of the law at the time of the conduct complained of. *Williams v. Consolidated City of Jacksonville*, 341 F.3d 1261, 1270-71 (11th Cir., 2003); *Stuart v. Jefferson County Dept. of Human Resources*, 2005 WL 2456420, **4 (11th Cir., 2005).

The Complaint (as modified by the First Amended Complaint, presently pending approval by the Court) properly alleges facts establishing that Folmar altered the terms, conditions, and privileges of Byrne's job and, at this stage in the proceedings, those allegations must be taken as true. Therefore, Byrne has met her burden of showing, (1) that the defendant has committed a constitutional violation and (2) that the constitutional right the defendant violated was "clearly established" at the time the violation occurred. *Hawthorne*, at *2.

The claims against Folmar in his individual capacity are not due to be dismissed.

## OFFICIAL CAPACITY

As the Complaint's *ad damnum* clause makes pellucid, Folmar is being sued only in his individual capacity for money damages; he is being sued in his official capacity only for prospective injunctive relief. There is no bar to the awarding of prospective injunctive relief against a State official. See, e.g., *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *Sessions v. Rusk State Hosp.*, 648 F.2d 1066, 1069 (5th Cir. Unit A June 1981)[1].

The claims against Folmar in his official capacity are not due to be dismissed.

## FAILURE TO STATE A CLAIM

Byrne recognizes that this Circuit demands some specificity under the "heightened pleading" doctrine still curiously in effect, but she contends that she has met that standard.

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Court of Appeals for the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Despite the assertions of the defendant, Byrne's allegations are not "general averments of fact," but definite concrete allegations of specific acts that harmed her. Moreover, the Counts of the Complaint are, it is modestly submitted, paradigms of element-based pleading and are, in no sense of the word "shotgun" in nature.

Folmar's conclusory averments of inadequacy simply should find no traction with the Court, and her motion to dismiss or, in the alternative, for a More Definite Statement is due to be denied.

WHEREFORE, the premises considered, Byrne prays that the Court will Overrule and Deny the defendant's motion.

RESPECTFULLY SUBMITTED this _____9_____ day of January, 2007.

/s/ JAY LEWIS
JAY LEWIS
Attorney for Plaintiff
Law Offices of Jay Lewis, LLC
P.O. Box 5059
Montgomery, Alabama, 36103
334-263-7733 (voice)
334-263-7733 (fax)
J-Lewis@JayLewisLaw.com
ASB-2014-E66J

**CERTIFICATE OF SERVICE**

      I hereby certify that on the _9th_ day of January, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following parties or counsel:

Joseph W. Adams
P.O. Box 1487
Ozark, AL 36361

Hon. Troy King
11 S. Union St.
Montgomery, AL 36130

                                             /s/ JAY LEWIS
                                             Law Offices of Jay Lewis, L.L.C.
                                             P.O. Box 5059
                                             Montgomery, Alabama 36103
                                             (334) 263-7733 (Voice)
                                             (334) 832-4390 (Fax)
                                             J-Lewis@JayLewisLaw.com
                                             ASB-2014-E66J
                                             Attorney for Plaintiff