IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAN BYRNE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| v. ) | Civil Case No. 2:06-CV-1084-WKW |
| ) | |
| ) | |
| ALABAMA ALCOHOLIC BEVERAGE ) | |
| CONTROL BOARD, and ) | |
| EMORY FOLMAR, in his individual ) | |
| and official capacities, ) | |
| ) | |
| Defendants. ) | |

RECEIVED
2007 FEB 16  A 9: 34

. P. HACKETT, CL..
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

## ANSWER TO AMENDED COMPLAINT

COME NOW Defendants Alabama Alcoholic Beverage Control Board ("Board") and Emory Folmar ("Folmar"), by and through their attorney of record, and pursuant to Rule 8(b) and 8(c) of the Federal Rules of Civil Procedure, would show unto the Court as follows:

### JURISDICTION AND VENUE

1.   Defendants deny that they violated Plaintiff's rights as guaranteed by the Constitution of the United States, by Federal law, and by the laws and Constitution of 1901 of the State of Alabama. Accordingly, Defendants deny that this Court has federal subject-matter jurisdiction over this action.

1

Byrne vs ABC Board and Folmar
Case No.: 2:06-CV-1084-WKW
Page 2

    2.    Defendants admit that such actions of which the Plaintiff's complain occurred within the Northern Division of the Middle District of Alabama, but Defendants deny that they violated any of Plaintiff's rights.

## PARTIES

    3.    Admitted.

    4.    Admitted.

    5.    Admitted.

## NATURE OF PROCEEDINGS

    6.    Defendants admit that this is an action for declaratory, injunctive, and monetary relief, but deny having any liability to Plaintiff.

## FACTS

    7.    The averment in paragraph 7 of the Complaint does not require a response.

    8.    Admitted.

    9.    Admitted.

    10.    Defendants admit that Folmar is the Administrator of the Board, but deny that he took unlawful employment actions against Plaintiff or that he committed other wrongs against Plaintiff.

    11.    Defendants deny having sufficient knowledge or information to form a belief as to the allegations contained in paragraph 11 of the Complaint.

    12.    Admitted.

Byrne vs ABC Board and Folmar
Case No.: 2:06-CV-1084-WKW
Page 3

13. Denied.

14. Defendants admit that Byrne supervised Andy Knight who is a male employee approximately six years younger than Byrne. Plaintiff's use of the terminology "substantially younger male" is not material nor relevant in this cause.

15. Denied.

16. Denied.

17. Defendants admit that Knight is no longer under Byrne's supervision. Defendants further aver that the change of Knight's supervision was one of the results of the placement of the Responsible Vendor Program into the Enforcement Division.

18. Defendants admit that Plaintiff presented a complaint of discrimination to the personnel office on or about November 15, 2005, but deny that she was told that she could not file a grievance against Folmar. Plaintiff was told to file the complaint with the Board, but Plaintiff instead chose to have the complaint put in her personnel file.

19. Denied.

20. Defendants admit that Folmar placed the Responsible Vendor Program under the Enforcement Division, but such action occurred in May of 2006, not May of 2005, as stated in the Complaint.

21. Admitted.

22. Denied.

23. Denied.

Byrne vs ABC Board and Folmar
Case No.: 2:06-CV-1084-WKW
Page 4

24. Defendants admit the allegations of this paragraph except that plaintiff does not report directly to Knight, her former subordinate. Plaintiff's use of the terminology "substantially younger male" is not material nor relevant in this cause.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Defendants admit the allegations in paragraph 36 of the Complaint, except that Defendants deny that Plaintiff was removed from her position.

37. Denied.

38. Admitted except that this Court lacks jurisdiction over any of Plaintiff's claims under Title VII of the Civil Rights Act of 1964 which were not presented to the Equal

Byrne vs ABC Board and Folmar
Case No.: 2:06-CV-1084-WKW
Page 5

Employment Opportunity Commission and further, any of Plaintiff's Title VII claims which were presented to the Equal Employment Opportunity Commission but not timely filed would be time barred in this cause.

## CAUSES OF ACTION

39. The averment in paragraph 39 of the Complaint does not require a response.

## COUNT I

### DEPRIVATION OF CIVIL RIGHTS UNDER COLOR OF STATE LAW

40. Defendants admit that Folmar was acting under color of state law at all times material hereto, but Defendants deny that Folmar was carrying out policies and customs of the State of Alabama.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Admitted.

46. Defendants admit that Plaintiff was qualified for the position she held, but Defendants deny that Plaintiff was performing her job to the reasonable satisfaction of her employer.

47. Denied.

48. Denied.

Byrne vs ABC Board and Folmar
Case No.: 2:06-CV-1084-WKW
Page 6

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

## COUNT II

## SEX DISCRIMINATION UNDER TITLE VII

54. Admitted.

55. Defendants admit that Plaintiff was qualified for the position she held, but Defendants deny that Plaintiff was performing her job to the reasonable expectations of her employer.

56. Denied.

57. Denied.

58. Denied.

## COUNT III

## RETALIATION UNDER TITLE VII

59. Denied.

60. Denied.

61. Denied.

62. Denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff's rights, privileges, and immunities, secured by the Constitution, or Laws of the United States, have not been violated by any alleged actions of the Defendants.

2. Defendant Emory Folmar has qualified immunity from damages and liability for the matters alleged against him in the Complaint.

3. Punitive damages are not available against Defendant Folmar because he did not act with malice or with reckless disregard for the federal rights of the Plaintiff, and the Complaint does not allege such malice or recklessness on the part of Defendant Folmar.

4. The allegations of the Complaint do not constitute or describe a pattern or practice established by Defendant Board which would violate clearly established rights of Plaintiff of which a reasonable public official knew or should have known.

5. Plaintiff has no claim or claims against the Defendant Board under Title VII of the Civil Rights Act of 1964 because all employment actions taken with regard to Plaintiff were taken for legitimate, nondiscriminatory and nonretaliatory reasons.

6. Defendants deny that any decisions made concerning Plaintiff's employment were based upon Plaintiff's sex but to the contrary, such decisions were made in the normal course of providing efficient governmental services.

7. Pursuant to 42 U.S.C. § 2000e-5(e), Plaintiff's claims under Title VII of the Civil Rights Act of 1964 are time-barred to the extent that they are based on events occurring more than 180 days prior to the Plaintiff's filing of her Charge of Discrimination with the Equal Employment Opportunity Commission on July 10, 2006.

8. This Court lacks subject matter jurisdiction over any of Plaintiff's claims under Title VII of the Civil Rights Act of 1964 which were not presented to the Equal Employment Opportunity Commission.

9. The Complaint is subject to dismissal in its entirety under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state facts sufficient to constitute a claim for relief against the Defendants.

10. Plaintiff has failed to properly mitigate her alleged damages, to the Defendants' prejudice.

11. Although no specific charge of age discrimination is set forth, the Complaint contains allegations relating to Plaintiff's age and to others who are "substantially younger". As to any claim or complaint of age discrimination, Defendants claim state's immunity, as the Age Discrimination in Employment Act has been determined not to abrogate state's immunity from suit by private individuals.

12. Any claim that the Board violated provisions of 42 U.S.C. §1983 is due to be dismissed as the Board would not be a proper party and further the Board claims State's immunity as to any such claim.

Byrne vs ABC Board and Folmar
Case No.: 2:06-CV-1084-WKW
Page 9

13. Defendants assert the affirmative defense of any and all immunities available, but not specifically pled herein.

14. Defendants assert the affirmative defense of State's immunity to any and all of Plaintiff's claims where the State of Alabama has not abrogated its immunity from suit.

WHEREFORE, Defendants pray as follows:

a) That the Court enter judgment dismissing the Complaint in its entirety;

b) That the Defendants be awarded costs and reasonable attorney fees incurred in defending against this action; and

c) That Defendants be awarded such other and further relief as the court may deem just.

Dated this 11th day of February, 2007

Respectfully submitted,

Joseph W. Adams (ASB 3743 A34J)
Attorney for Defendants
Post Office Box 1487
Ozark, AL 36361
Telephone: (334) 774-5533
Facsimile: (334) 774-1252
E-Mail: Joeadamslaw@aol.com

Byrne vs ABC Board and Folmar
Case No.: 2:06-CV-1084-WKW
Page 10

10
**CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of February, 2007, I served a copy of the foregoing Answer on the following parties or attorneys by placing a copy in the United States Mail, first-class postage prepaid and properly addressed:

Jay Lewis, Esquire
Attorney for Plaintiff
Law Offices of Jay Lewis, LLC
Post Office Box 5059
Montgomery, AL 36103

                                                Joseph W. Adams (ASB 3743 A34J)
                                                Attorney for Defendants