IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAN BYRNE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:06-cv-1084-WKW [wo] |
| | ) | |
| ALABAMA ALCOHOLIC BEVERAGE | ) | |
| CONTROL BOARD, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

The court has carefully reviewed the plaintiff's First Amended Complaint (Doc. # 11) and finds that it is due to be amended. Count One alleges a deprivation of civil rights under color of state law for which the plaintiff is entitled to recover under 42 U.S.C. § 1983. (First Am. Compl. ¶¶ 40-53.) Because § 1983 is not a source of substantive federal rights, a plaintiff must point to a violation of a specific federal right. *Whiting v. Traylor*, 85 F.3d 581, 583 (11th Cir. 1996). Within the paragraphs comprising Count One, the court can discern up to five separate alleged violations of federal rights. The Eleventh Circuit has recently cautioned district courts and parties that a complaint with "untold causes of action . . . all bunched together in one count [is] contrary to the requirements of Federal Rule[ ] of Civil Procedure 10(b)." *Davis v. Coca-Cola Bottling Co. Consol.*, _ F.3d _, No. 05-12988, 2008 WL 314962, at *12 (11th Cir. Feb. 6, 2008). Therefore, in order for the court to properly "strip the case down and identify each claim and defense," the complaint must be amended to state each cause of action in a separate count. *Id.* at *14.

Furthermore, although there are two separate defendants – one of whom is sued in two different capacities – the complaint does not specify which counts are against which defendants and, in the case of Defendant Emory Folmar ("Folmar"), in what capacity. Finally, although Count Two alleges sex discrimination in violation of Title VII, (*id.* ¶¶ 54-58), it is unclear if this is a claim based on the creation of a hostile work environment or through a tangible employment action.  *See Baldwin v. Blue Cross/Blue Shield of Ala.*, 480 F.3d 1287, 1300 (11th Cir. 2007) (explaining the two ways of violating Title VII through sex-based discrimination).

Although the plaintiff takes issue (Doc. # 9, at 4) with the defendant's characterization of her pleading as a "shotgun" complaint, both Count Two and Count Three reference "adverse employment actions *as set forth above*."  (First Am. Compl. ¶¶ 56, 60 (emphasis added).)  It is true, as the plaintiff argues, that she has made "definite concrete allegations of specific acts," (Doc. # 9, at 4), in part of her complaint.  (*See* First Am. Compl. ¶¶ 7-38.)  However, she fails to identify the specific acts constituting the adverse employment actions for her Title VII claims, which is a common characteristic of "shotgun" pleadings.  *See Johnson v. City of Fort Lauderdale, Fla.*, 126 F.3d 1372, 1376 n.4 (11th Cir. 1997) (bemoaning a "shotgun" complaint because "[i]t is difficult to figure out from the complaint what discrete claims [the plaintiff] asserts and impossible to determine the factual bases for the discrete claims since each of the complaint's nine counts incorporates *all* of the factual allegations of earlier counts").  The result of her failure to identify the specific acts leaves the defendants and the court to guess at the actions to which the plaintiff is referring.

Accordingly, it is ORDERED that Defendant Emory Folmar's motion to dismiss (Doc. # 4) is DENIED without prejudice, but that his alternative motion for a more definite statement (Doc. # 4) is GRANTED.  The plaintiff is ORDERED to file her second amended complaint **on or before March 31, 2008**, which shall address the court's concerns as explained above.  The defendants shall file their amended answer within ten days after service of the second amended complaint.

DONE this 12th day of March, 2008.

/s/  W.  Keith Watkins
UNITED STATES DISTRICT JUDGE