**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **JAN BYRNE,** | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Civil Case No. 2:06-CV-1084-WKW |
| | * |
| **ALABAMA ALCOHOLIC** | * |
| **BEVERAGE CONTROL BOARD,** | * |
| **and EMORY FOLMAR, in his** | * |
| **individual and official capacity,** | * |
| | * |
| Defendants. | * |

**ANSWER OF DEFENDANTS TO SECOND AMENDED COMPLAINT**

**COME NOW** the Defendants, Alabama Alcoholic Beverage Control Board and Emory Folmar, and without waiver of the Defendants Motion to Dismiss, answer the Second Amended Complaint as follows:

**JURISDICTION AND VENUE**

1.   Defendants deny that they violated Plaintiff's rights as guaranteed by the Constitution of the United States, by federal law and by the laws and Constitution of 1901 of the State of Alabama.  Accordingly, Defendants deny the allegations of paragraph 1 of the Second Amended Complaint and specifically deny that this Court has federal subject matter jurisdiction over this action.

2. Defendants admit that the actions complained of by the Plaintiff occurred within the Northern Division of the Middle District of Alabama but Defendants deny that they violated any of the Plaintiff's rights.

## PARTIES

3. Defendants admit the allegations of paragraph 3 of the Second Amended Complaint.

4. Defendants admit the allegations of paragraph 4 of the Second Amended Complaint but deny that the Board is liable for compensatory damages under Title VII of the Civil Rights Act of 1964.

5. Defendants admit the allegations of paragraph 5 of the Second Amended Complaint.

## NATURE OF PROCEEDINGS

6. Defendants admit that this action purports to state claims for declaratory, injunctive and monetary relief but Defendants deny any liability to the Plaintiff.

## FACTS

7. For response to paragraph 7 of the Second Amended Complaint, the Defendants adopt their responses in paragraphs 1-6 above.

8. Defendants admit the allegations of paragraph 8 of the Second Amended Complaint.

9. Defendants admit that during a portion of the time period in issue, the

2

Plaintiff was the Coordinator of the Responsible Vendor Program and was a Division Chief reporting to the Administrator of the Board.

10.  Defendants admit that during a portion of the time period involved in this action, the Plaintiff reported directly to the Defendant Folmar, who was the Administrator of the Board. Defendants deny that Folmar took unlawful employment actions and committed other wrongs against the Plaintiff.

11.  Defendants admit that the Plaintiff has presented lectures and training seminars in other states and has held positions on various task forces and groups. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 11 of the Second Amended Complaint.

12.  Defendants admit the allegations of paragraph 12 of the Second Amended Complaint.

13.  Defendants deny the allegations of paragraph 13 of the Second Amended Complaint.

14.  Defendants admit that during a portion of the time period involved in this case, the Plaintiff supervised Andy Knight, who is a male employee approximately six years younger than the Plaintiff. Plaintiff's use of the terminology "substantially younger male employee" is not material nor relevant in this case.

15.  Defendants admit that Knight has filed one or more grievances against the Plaintiff. Defendants deny the remainder of the allegations of paragraph 15 of

the Second Amended Complaint.

16. Defendants admit that the Defendant Folmar counseled the Plaintiff, and Knight, to attempt to get along during the work day. Defendants deny the remainder of the allegations of paragraph 16 of the Second Amended Complaint.

17. Defendants admit that Knight is no longer under the Plaintiff's direct supervision. Defendants further aver that the change of Knight's supervision was one of the results of the placement of the Responsible Vendor Program into the Enforcement Division.

18. Defendants admit that the Plaintiff presented a complaint of discrimination to the personnel office on or about November 15, 2005, but Defendants deny that the Plaintiff was told that she could not file a grievance against Folmar. Plaintiff was told to file the complaint with the Board. Defendants deny the remainder of the allegations of paragraph 18 of the Second Amended Complaint.

19. Defendants deny the allegations of paragraph 19 of the Second Amended Complaint.

20. Defendants admit that Defendant Folmar placed the Responsible Vendor Program under the Enforcement Division as an adjunct of reorganization. Defendants deny the remainder of the allegations of paragraph 20 of the Second Amended Complaint.

21-23. Defendants deny the allegations of paragraphs 21 - 23 of the Second Amended Complaint.

24. Defendants admit that the Plaintiff still holds her former title and that she reports to Vance Patton, the Assistant Director of Enforcement. Defendants deny the remainder of the allegations of paragraph 24 of the Second Amended Complaint.

25-35. Defendants deny the allegations of paragraphs 25 - 35 of the Second Amended Complaint.

36. Defendants admit the allegations of paragraph 36 of the Complaint but deny that Plaintiff was removed from her position.

37. Defendants deny the allegations of paragraph 37 of the Second Amended Complaint.

38. Defendants deny the allegations of paragraph 38 of the Second Amended Complaint.

## CAUSES OF ACTION

39. For answer to paragraph 39 of the Second Amended Complaint, Defendants adopt their responses to paragraphs 1-38 above.

### COUNT I - GENDER DISCRIMINATION UNDER THE FOURTEENTH AMENDMENT - EMORY FOLMAR, in his individual capacity

40. Defendants admit that at all times material hereto, Defendant Folmar was acting under color of state law. Defendants deny the remainder of the allegations of paragraph 40 of the Second Amended Complaint.

41-43. Defendants deny the allegations of paragraphs 41 - 43 of the Second Amended Complaint.

44.     Defendants admit the allegations of paragraph 44 of the Second Amended Complaint.

45-52.  Defendants deny the allegations of paragraphs 45 - 52 of the Second Amended Complaint.

### COUNT II - GENDER DISCRIMINATION UNDER THE FOURTEENTH AMENDMENT - EMORY FOLMAR, in his official capacity

53.     Defendants admit that at all times material hereto, Defendant Folmar was acting under color of state law. Defendants deny the remainder of the allegations of paragraph 53 of the Second Amended Complaint

54-56.  Defendants deny the allegations of paragraphs 54 - 56 of the Second Amended Complaint.

57.     Defendants admit the allegations of paragraph 57 of the Second Amended Complaint.

58-65.  Defendants deny the allegations of paragraphs 58 - 65 of the Second Amended Complaint.

### COUNT III - AGE DISCRIMINATION UNDER THE FOURTEENTH AMENDMENT - EMORY FOLMAR, in his individual capacity

66.     Defendants admit that at all times material hereto, Defendant Folmar was acting under color of state law. Defendants deny the remainder of the allegations of paragraph 66 of the Second Amended Complaint.

67-69.  Defendants deny the allegations of paragraphs 67 - 69 of the Second Amended Complaint.

70. Defendants admit the allegations of paragraph 70 of the Second Amended Complaint.

71. Defendants admit that Andy Knight is younger than the Plaintiff but the Defendants deny the remainder of the allegations of paragraph 71 of the Second Amended Complaint.

72-79. Defendants deny the allegations of paragraphs 72 - 79 of the Second Amended Complaint.

### COUNT IV - AGE DISCRIMINATION UNDER THE FOURTEENTH AMENDMENT - EMORY FOLMAR, in his official capacity

80. Defendants admit that at all times material hereto, Defendant Folmar was acting under color of state law.  Defendants deny the remainder of the allegations of paragraph 80 of the Second Amended Complaint.

81-83. Defendants deny the allegations of paragraphs 81 - 83 of the Second Amended Complaint.

84. Defendants admit the allegations of paragraph 84 of the Second Amended Complaint.

85. Defendants admit that Andy Knight is a younger person than the Plaintiff but the Defendants deny the remainder of the allegations of paragraph 85 of the Second Amended Complaint.

86-93. Defendants deny the allegations of paragraphs 86 - 93 of the Second Amended Complaint.

### COUNT V - GENDER DISCRIMINATION UNDER TITLE VII BASED ON A TANGIBLE EMPLOYMENT ACTION  - Alabama Alcoholic Beverage Control Board

94. Defendants admit the allegations of paragraph 94 of the Second Amended Complaint.

95-99. Defendants deny the allegations of paragraphs 95 - 99 of the Second Amended Complaint.

### COUNT VI - GENDER DISCRIMINATION UNDER TITLE VII BASED ON A HOSTILE WORK ENVIRONMENT  - Alabama Alcoholic Beverage Control Board

100. Defendants admit the allegations of paragraph 100 of the Second Amended Complaint.

101-105. Defendants deny the allegations of paragraphs 101 - 105 of the Second Amended Complaint.

### COUNT VII - RETALIATION UNDER TITLE VII BASED ON A TANGIBLE EMPLOYMENT ACTION - Alabama Alcoholic Beverage Control Board

106-111. Defendants deny the allegations of paragraphs 106 - 111 of the Second Amended Complaint.

### COUNT VIII - RETALIATION UNDER TITLE VII BASED ON A HOSTILE WORK ENVIRONMENT - Alabama Alcoholic Beverage Control Board

112-118. Defendants deny the allegations of paragraphs 112 - 118 of the Second Amended Complaint.

## PRAYER FOR RELIEF

Defendants deny Plaintiff's entitlement to any of the relief set forth in the prayer for relief.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's rights, privileges, and immunities, secured by the Constitution, or Laws of the United States, have not been violated by any alleged actions of the Defendants.

## SECOND AFFIRMATIVE DEFENSE

Defendant Emory Folmar has qualified immunity from damages and liability for the matters alleged against him in the Complaint.

## THIRD AFFIRMATIVE DEFENSE

Punitive damages are not available against Defendant Folmar because he did not act with malice or with reckless disregard for the federal rights of the Plaintiff, and the Complaint does not allege such malice or recklessness on the part of Defendant Folmar.

## FOURTH AFFIRMATIVE DEFENSE

The Defendants have not engaged in a pattern or practice established by Defendant Board which would violate clearly established rights of Plaintiff of which a reasonable public official knew or should have known.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff has no claim or claims against the Defendant Board under Title VII of

the Civil Rights Act of 1964 because all employment actions taken with regard to Plaintiff were taken for legitimate, nondiscriminatory and non-retaliatory reasons.

### SIXTH AFFIRMATIVE DEFENSE

Defendants deny that any decisions made concerning Plaintiff's employment were based upon Plaintiff's sex but to the contrary, such decisions were made in the normal course of providing efficient governmental services.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants deny that any decisions made concerning Plaintiff's employment were based upon Plaintiff's age but to the contrary, such decisions were made in the normal course of providing efficient governmental services.

### EIGHTH AFFIRMATIVE DEFENSE

Pursuant to 42 U.S.C. § 2000e-5(e), Plaintiff's claims under Title VII of the Civil Rights of 1964 are time-barred to the extent that they are based on events occurring more than 180 days prior to the Plaintiff's filing of her Charge of Discrimination with the Equal Employment Opportunity Commission.

### NINTH AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over any of Plaintiff's claims under Title VII of the Civil Rights Act of 1964 which were not presented to the Equal Employment Opportunity Commission.

### TENTH AFFIRMATIVE DEFENSE

The Complaint is subject to dismissal in its entirety under Rule 12(b)(6) of the

Federal Rules of Civil Procedure for failure to state facts sufficient to constitute a claim for relief against the Defendants.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to properly mitigate her alleged damages, to the Defendants' prejudice.

## TWELFTH AFFIRMATIVE DEFENSE

As to any claim or complaint of age discrimination, Defendants claim state's immunity, as the Age Discrimination in Employment Act has been determined not to abrogate state's immunity from suit by private individuals.

## THIRTEENTH AFFIRMATIVE DEFENSE

Any claim that the Board violated provisions of 42 U.S.C. § 1983 is due to be dismissed as the Board would not be a proper party and further the Board claims State's immunity as to any such claim.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendants assert the affirmative defense of any and all immunities available, whether total or qualified, and which are not specifically pled herein.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendants assert the affirmative defense of State's immunity to any and all of Plaintiff's claims where the State of Alabama has not abrogated its immunity from suit.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendant Emory Folmar has absolute immunity because his actions in making the organizational change shield him from liability under the doctrine of legislative immunity.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The Plaintiff has not suffered any tangible deprivation of job benefits because her pay and other compensation have not been adversely affected by any reorganization of the position which she holds.

### EIGHTEENTH AFFIRMATIVE DEFENSE

With respect to the Plaintiff's hostile environment discrimination claim, Defendants aver that the alleged incidents of harassment were not sufficiently severe or pervasive to constitute sexual harassment.

### NINETEENTH AFFIRMATIVE DEFENSE

With respect to the Plaintiff's hostile environment discrimination claim, the Defendants aver that the Board exercised reasonable care to prevent and correct promptly any sexually harassing behavior and the Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities the Board provided. *See Baldwin v. Blue Cross/Blue Shield of Alabama*, 480 F. 3d 1287 (11th Cir. 2007).

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff has, by her conduct, waived or is now estopped to obtain any recovery against the Defendants.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

In making the employment actions resulting in reorganization of the Department in which the Plaintiff served as Coordinator of the Responsible Vendor Program, the Defendant Folmar was acting within the scope of his discretionary authority and thus is entitled to qualified immunity.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

In reorganizing the Department in which the Plaintiff served as Coordinator of the Responsible Vendor Program, the Defendant Folmar acted in good faith and did not violate clearly established statutory or constitutional law and thus is entitled to immunity.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

The Defendants plead the statutory caps on any damage award.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Any and all actions of the Defendants toward the Plaintiff were justified, undertaken in good faith and without discriminatory motive.

    s/Robert A. Huffaker
    Robert A. Huffaker
    Rushton, Stakely, Johnston
      & Garrett, P.A.
    Post Office Box 270
    Montgomery, Alabama  36101-0270
    Tel: (334) 206-3215
    Fax: (334) 481-0814
    E-Mail: rah@rsjg.com
    Bar Number:  ASB-7668-U79R

        Joseph W. Adams
        Post Office Box 1487
        Ozark, Alabama 36361
        Tel:  (334) 774-5533
        Fax: (334) 774-1252
        E-Mail: Joeadamslaw@aol.com
        Bar Number:  ASB-3743-A34J

        Attorneys for Defendants Alabama
        Alcoholic Beverage Control Board
        and Emory Folmar

**CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of April, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record and I hereby certify that I have mailed, by United States Postal Service, the foregoing document to the following:

        Jay Lewis
        Fred Clements
        Law Offices of Jay Lewis, LLC
        Post Office Box 5059
        Montgomery, Alabama 36103


        s/Robert A. Huffaker