IN THE STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAN BYRNE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    NO. 2:06-CV-1084-WKW |
| | ) |
| ALABAMA ALCOHOLIC BEVERAGE | ) |
| CONTROL BOARD, and EMORY | ) |
| FOLMAR, in his individual and official | ) |
| capacities, | ) |
| | ) |
|     Defendants. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

COMES NOW Plaintiff Jan Byrne, by and through her attorneys of record, and responds to the Defendants' Motion to Dismiss as follows:

**I.    STANDARD OF REVIEW**

Under a Rule 12(b)(6) motion to dismiss, a court must accept a claimant's allegations as true and may only dismiss a complaint where "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). When evaluating a motion to dismiss a court must not only accept the facts pleaded as true but also must construe those facts in a light favorable to the nonmoving party. *Quality Foods De Centro Am., S.A. v. Latin Am. Agribusiness*, 711 F. 2d 989, 994-95 (11th Cir. 1983). "[T]he threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is exceedingly low." *Id*. at 995.

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed

factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S. Ct. 1955, 1964-65 (2007).  To survive a motion to dismiss, a complaint must "'give the defendant fair notice of what the  . . .  claim is and the grounds upon which it rests.'" *Id*. at 1964.  "Factual allegations must be enough to raise a right to relief above the speculative level," *Id*. at 1965, as the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.

## II. ARGUMENT

### A. Counts I and III - 42 U.S.C. § 1983 claims against Folmar in his individual capacity under the Fourteenth Amendment

#### 1. Absolute Legislative Immunity

Judges and legislator are entitled to absolute immunity.  *Scott v. Taylor*, 405 F.3d 1251, 1255-56 (11th Cir. 2005).  Absolute immunity is determined by the act and not the position of the actor.  *Woods v. Gamel*, 132 F.3d 1417, 1419 (11th Cir. 1998).  An act is considered legislative rather than administrative or managerial when the act is necessary to preserve the integrity of the legislative process such as voting, debate, and reacting to public opinion.  *Id*. at 1420.  Thus, legislative immunity does not apply to Folmar because he is neither a judge nor a legislator, and an act such as an organizational change is administrative in nature.

The cases cited by Defendant are highly distinguishable.  The first case cited involved a Mayor sued over carrying out his legislative duty of preparing a budget that resulted in the elimination of numerous city positions.  *Bogan v. Scott-Harris*,  523 U.S. 44, 46-47 (1998).  Unlike the actor in *Bogan*, Folmar is not an elected official.  The second case cited involved two

county commissioners sued over their participation in a 5-0 vote to implement an organizational change that had been planned and was subsequently carried out by other people. *Macuba v. Deboer*, 193 F.3d 1316, 1317-20 (11th Cir. 1999). Unlike *Macuba*, Folmar was not involved in a vote and the reorganization was not planned and carried out by other people.

### 2. Qualified Immunity

Qualified immunity protects from liability government officials sued in their individual capacities if their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002). In a motion to dismiss, "[w]here there is no dispute as to the discretionary nature of the actions complained of, like here, [courts] look to determine (1) whether the plaintiff has factually alleged the deprivation of a constitutional right; and (2) whether that right was clearly established at the time of the violation. *Epps v. Watson*, 492 F.3d 1240, 1243 (11th Cir. 2007).

"Clearly established law is law that is sufficiently defined so as to provide public officials with "fair notice" that the conduct alleged is prohibited." *Epps*, 492 F.3d at 1245. For a right to be clearly established, "its contours must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id*. The action does not have to have been held unlawful; rather, the unlawfulness must be apparent. *Id*. Here, Plaintiff had a property right in her job as a Division Chief, and she was deprived of that right by being effectively removed from that position without any procedural due process.

### a. Procedural Due Process - Property Interest

Plaintiff has been denied procedural due process. First, Plaintiff was denied process when she attempted to file a complaint of gender discrimination against Folmar with the Board's

personal office where she was told that she could not file a complaint against Folmar. (Second Am. Compl. ¶¶ 112, 113.) Second, Plaintiff was denied a chance to be heard when she was removed from her position. Finally, Plaintiff has not been given a chance to be heard afterwards.

Defendants cite *Harris v. Bd. of Educ. of City of Atlanta* as support that Plaintiff has a constitutionally protected property interest in only the economic value of her position. (Mem. in Supp. Mot. to Dismiss 6-7.) *However*, Harris is highly distinguishable from the facts of this case. In *Harris*, a board voted to remove the plaintiff from his position prior to the expiration of his four-year contract but paid the plaintiff the full benefit of his salary. *Harris*, 105 F.3d 591, 593-94 (11 Cir. 1997) (per curiam). The court held that the board was entitled to qualified immunity because the board could not have reasonably believed that terminating the plaintiff while paying him the economic benefits of his position was illegal. *Id*. at 597.

The crucial distinction is that the plaintiff from *Harris* was a four-year contract employee, which made the full economic value of his employment finite therefore highly measurable. Conversely, determining the full economic value of Plaintiff's employment would be speculative because the term of her employment is not fixed. Additionally, not only was the plaintiff from *Harris* paid the full economic value, he was not subjected to the same type of adverse employment actions as Plaintiff. (Second Am Compl. ¶ 46.) Finally, the decision to remove the plaintiff from *Harris* was a board's decision rather than one man's making the decision to remove much less likely to be based on one man's invidious class-based animus.

      b.      **Due Process - Liberty Interest**

Plaintiff's Second Amended Complaint does not claim deprivation of a liberty interest.

      c.      **Equal Protection - Retaliation**

Plaintiff's Second Amended Complaint does not claim retaliation against Folmar under equal protection. The claim is against the Board under Title VII.

#### d. Equal Protection - Gender and Age

Plaintiff's Second Amended Complaint does not claim gender and age discrimination against Folmar under equal protection. The claim is against the Board under Title VII.

### B. Counts II and IV - 42 U.S.C. § 1983 claims against Folmar in his official capacity under the Fourteenth Amendment

Plaintiff's claims against Folmar in his official capacity are proper for injunctive relief. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989) (citing *Ex parte Young*, 209 U.S. 123, 159-160 (1908).

### C. EEOC Charge and Right-To-Sue-Letter

In a Title VII action, a complaint must generally allege that "all conditions precedent to the institution of the lawsuit have been fulfilled." *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1010 (11th Cir. 1982) (citing Fed R. Civ. P. 9(c)). If the defendant denies that the conditions precedent have been fulfilled with specificity and particularity, then the plaintiff bears the burden of proving the conditions precedent have been met. *Id*. Thus, Plaintiff met her initial burden by stating she met all conditions precedent to filling her action. (Second Am. Compl.¶ 38.)

### D. Count V - Tangible Employment Action Gender Discrimination Under Title VII Against the Board

As required under Title VII, Plaintiff has pled specific acts that demonstrate a serious and material change in the terms, conditions, and privileges of her employment. *Davis v. Town of Lake Park, Fla.*, 245 F.3d 1232, 1239 (11th Cir. 2001). The test is whether a reasonable person

in Plaintiff's position "would have found the alleged alteration of the terms and conditions of employment to be adverse under all the facts and circumstances." *Id*. at 1239-40. Plaintiff has pled the following specific acts: state officials employees and others were informed that Plaintiff was removed from her position, she was removed from her leadership of the Responsible Vendor Program, and she was removed from all task forces, committees, and appointed positions on the state and national level. (Second Am. Compl. ¶ 97.)

Tangible employment actions not only include changes in status such as hiring, firing, and failure to promote, but such actions can also include "reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998). While Defendant has argued that being removed from task forces and appointed positions do not arise to a Title VII violation, (Mem. in Supp. Mot. to Dismiss 16), removal from such positions harmed Plaintiff due to her status in the alcohol and tobacco control community. (Second Am. Compl. ¶ 11.) Additionally, due to her reassignment Plaintiff is now relegated to significantly different responsibilities such as performing clerical duties. (Second Am. Compl ¶ 25.) Although overlooked by Defendant, the fact that other state officials were told that she was removed from her position is also offered as proof of a tangible employment action.

Plaintiff has demonstrated the existence of one or more similarly situated male employees. Plaintiff pled that after she was removed from her position, there were no other women Division Chiefs. (Second Am. Compl. ¶ 36.) Plaintiff also pled that members of a non-protected group, specifically male Division Chiefs, were not subjected to the same disparate and adverse treatment. (Second Am. Compl. ¶ 95.) Thus, contrary to Defendants' assertion

otherwise, (Mem. in Supp. Mot. to Dismiss 18), the existence of similarly situated employees is not lacking.

Defendants mistakenly believe that the *McDonnell Douglas* framework applies in a motion to dismiss. Thus, Defendants incorrectly argue that Plaintiff must prove in her complaint that similarly situated male employees were not subjected to the same adverse employment action at this point in litigation. (Mem. in Supp. Mot. to Dismiss 18.) In order to rebut Defendant's statement that Plaintiff was not treated differently than similarly situated male employees, Plaintiff would need factual evidence. Clearly, Defendant refers to the part of the framework where "the burden shifts back to the plaintiff to prove by a preponderance of the evidence that the reasons offered by the employer were a pretext for discrimination." *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804 (1973).

*McDonnell Douglas* does not apply to a motion to dismiss. "The prima facie case under *McDonnell Douglas* . . . is an evidentiary standard, not a pleading requirement." *See Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510 (2002) (reversing a circuit court's dismissal for a failure to plead employment discrimination within the *McDonnell Douglas* framework.) Here, Defendants have cited three cases supporting their argument, but none of the cases involve a motion to dismiss. (Mem. in Supp. Mot. to Dismiss 18-19.) Instead, two cases involve motions for summary judgment and one case involves a post-trial motion. Thus, Plaintiff does not have to prove at this stage that her males counterparts were not subjected to the same adverse employment action as the plaintiff. However, Plaintiff has alleged that Andy Knight, a younger male, was given her job responsibilities and authority. (Second Am. Compl. ¶¶ 14, 24.)

    E.    <u>**Count VI - Hostile Work Environment Gender Discrimination Under Title**</u>

**VII Against the Board**

As required by Title VII, Plaintiff has pled specific acts that demonstrate a serious and material change in the terms, conditions, and privileges of her employment due to a hostile work environment. *Davis*, 245 F.3d at 1239. Plaintiff's Second Amended Complaint includes the following specific acts to which similarly situated males were not subjected: Folmar intervened in the Board's grievance process; Plaintiff's employees were taken away; Plaintiff was denied her phone calls and mail; Plaintiff has been relegated to clerical duties; Plaintiff was subjected to unwarranted reprimand, public humiliation, and threats of legal action; Plaintiff was stripped of her office, supplies, equipment, and vehicle. (Second Am. Compl. ¶ 103.)

Defendants again incorrectly argue that Plaintiff must prove in her complaint that similarly situated male employees were not subjected to the same adverse employment action at this point in litigation. (Mem. in Supp. Mot. to Dismiss 21-22.) Because Plaintiff already discussed the nonapplicability of the *McDonnell Douglas* framework in motions to dismiss in point heading "D", Plaintiff simply restates the conclusion that *McDonnell Douglas* does not apply to this motion.

F.   **Count VII - Tangible Employment Action Retaliation Under Title VII Against the Board**

Plaintiff's Second Amended Complaint adequately pled the requirements for her retaliation claim. To state a claim for retaliation under Title VII, the "plaintiff must show that (1) she engaged in statutorily protected expression; (2) she suffered an adverse employment action; and (3) the adverse action was causally related to the protected expression." *Cotton v. Cracker Barrel Old Country Store, Inc.*, 434 F.3d 1227, 1233 (11th Cir. 2006).

First, Plaintiff engaged in a statutorily protected expression when she attempted to file a complaint of gender discrimination with the Board's personnel office but was denied her right to file a grievance and was told that she could not file a complaint against Folmar. (Second Am. Compl. ¶¶ 112, 113.)

Second, Plaintiff suffered the following adverse employment actions: Plaintiff was removed from leadership of the Responsible Vendor Program; she was removed from all task forces, committees, and appointed positions on both state and national levels; and other state officials and others were told that Plaintiff had been removed from her position. (Second Am. Compl. ¶ 108.) When all the pled facts are viewed under the totality of the circumstances, concluding that Plaintiff was retaliated against would be objectively reasonable.

Third, Plaintiff's complaint demonstrates that a causal connection existed because the adverse employment action occurred after she complained to the Board's personnel office. (Second Am. Compl. ¶ 17.)

### G. Count VIII - Hostile Work Environment Retaliation Under Title VII Against the Board

Plaintiff has already demonstrated in point heading "F" that her Second Amended Complaint shows that she engaged in a statutorily protected activity and that a causal connection existed. Thus, Plaintiff will only address the adverse employment action requirement.

Plaintiff pled the following adverse actions: Plaintiff suffered numerous adverse employment actions including Folmar's refusal to communicate with her, excluding her from decision-making processes; denying her staffing, budget requests, and technical support; ostracizing and isolating her; and instructing at least one of her male reports to bypass chain of

command procedures and communicate directly to him. (Second Am. Compl. ¶¶ 114, 115.) Additionally, Defendant took away Plaintiff's reporting employees who were ordered not to communicate with her; denied her phone calls and mail relating to her position; stripped her of her office, supplies, equipment, and vehicle; and relegated her to clerical duties. (Second Am. Compl. ¶ 115.) When all the pled facts are viewed under the totality of the circumstances, concluding that Plaintiff was retaliated against would be objectively reasonable.

### III.   CONCLUSION

For the aforementioned reasons this Court should deny Defendants' Motion to Dismiss for Failure to State a Claim.

Respectfully submitted this 15th day of May, 2008.

/s/ Fred Clements
Jay Lewis (ASB- 2014-E66J)
Fred Clements (ASB-5682-R39C)
Law Offices of Jay Lewis, LLC
P.O. Box 5059
Montgomery, AL 36116
Office:        (334) 263-7733
Fax:    (334) 832-4390
FredClements@JayLewisLaw.com

**CERTIFICATE OF SERVICE**

   I hereby certify that on the 15th day of May, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

Robert A. Huffaker
Rushton, Stakely, Johnston & Garret, P.A.
P.O. Box 270
Montgomery, AL 36101-0270

Joseph W. Adams
P.O. Box 1487
Ozark, AL 36361

              /s/ Fred Clements
              Jay Lewis (ASB- 2014-E66J)
              Fred Clements (ASB-5682-R39C)
              Law Offices of Jay Lewis, LLC
              P.O. Box 5059
              Montgomery, AL 36116
              Office:  (334) 263-7733
              Fax: (334) 832-4390
              FredClements@JayLewisLaw.com