IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAN BYRNE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:06-CV-1084-WKW |
| ) | |
| ALABAMA ALCOHOLIC BEVERAGE ) | |
| CONTROL BOARD, and ) | |
| EMORY FOLMAR, in his individual ) | |
| and official capacities, ) | |
| ) | |
| Defendants. ) | |

**REPLY BRIEF BY DEFENDANTS ALABAMA ALCOHOLIC
BEVERAGE CONTROL BOARD AND EMORY FOLMAR
IN SUPPORT OF MOTION TO DISMISS FOR FAILURE
TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

**I. INTRODUCTION**

Plaintiff Jan Byrne ("Byrne") filed her Complaint in this matter on December 4, 2006. On December 29, 2006, Defendant Emory Folmar ("Folmar") filed a motion to dismiss and in the alternative for a more definite statement. In an Order dated March 12, 2008, this Court denied Folmar's motion to dismiss without prejudice, but granted his motion for a more definite statement. The court ordered Byrne to file an amended complaint addressing the Court's concerns about not stating each cause of action in a separate count, not specifying which counts are against which defendants,

1

not indicating clearly whether the sex discrimination claims are based on the creation of a hostile work environment or a tangible employment action, and not identifying specific acts constituting adverse employment actions for purposes of the claims under Title VII of the Civil Rights Act of 1964.

Byrne filed her eight-count Second Amended Complaint on March 31, 2008. Defendants filed a Motion to Dismiss and supporting memorandum on April 17, 2008, the contents of which are incorporated here by reference. On May 15, 2008, Plaintiff filed her Response to Defendants' Motion and the Defendant Board and Defendant Folmar reply to the Plaintiff's Response, as follows.

## II. ARGUMENT

**A.    COUNTS I AND III—42 U.S.C. § 1983 CLAIMS AGAINST FOLMAR IN HIS INDIVIDUAL CAPACITY UNDER THE FOURTEENTH AMENDMENT.**

**1.    Absolute Legislative Immunity**

Plaintiff has acknowledged and cited authority for the correct principle of law that absolute immunity is determined by the act in question, and not by the position of the actor. *See Woods v. Gamel*, 132 F.3d 1417 (11th Cir. 1998) (county commissioners' act of approving county budget for all county expenses, pursuant to state law, was "legislative act," because act was policymaking of general application, and commissioners were thus entitled to legislative immunity for that act, in § 1983

action brought by county jail inmates alleging inadequate conditions). However, Byrne has contradicted the applicable principle of law by seeking to distinguish a case cited by the Defendant Folmar, *Bogan v. Scott-Harris*, 523 U.S. 44, 118 S. Ct. 966 (1998), solely on the ground that the actor in that case was an elected official, while Folmar is not. Since it is the acts in question that are significant, not the position held by the actor, whether or not Folmar is an elected official is not determinative of his right to absolute legislative immunity.

Similarly, the other case cited by Folmar, *Macuba v. Deboer*, 193 F.3d 1316 (11th Cir. 1999) is not distinguishable on the grounds that Folmar was not involved in a formal vote, or that organizational changes were allegedly not carried out by other people. These considerations are of no consequence on the issue of absolute legislative immunity. What matters, and is decisive, is that the organizational changes which are at the heart of Plaintiff's complaint are actions which are legislative in character.

    **2.**    **Qualified Immunity**

        **a.**    **Due Process—Property Interest**

Plaintiff Byrne has made the bald assertion, without support factually or in case precedents, that she had a property right in her position as Division Chief. In fact and in law, she had no such property right to remain as Responsible Vendor Program

Alcohol Awareness Coordinator, and the absence of any such property interest defeats any due process claim from the outset.

Byrne's attempts to distinguish *Harris v. Bd. of Educ. of City of Atlanta*, 105 F.3d 591 (11th Cir. 1997), cited by Defendant Folmar, are to no avail. Byrne points out that the employee in *Harris* had a four-year contract, whereas, she argues, "determining the full economic value of Plaintiff's employment would be speculative because the term of her employment is not fixed." (Plaintiff's Response, at *4). This is tantamount to an admission by Byrne that she had no property interest in her position.

Another claimed point of distinction made by Byrne about *Harris* is that in that case a board, rather than a single individual, made the complained-of decision. This is a meaningless distinction for purposes of Plaintiff's due process claim.

### B.   EEOC CHARGE AND RIGHT-TO-SUE LETTER

Plaintiff has not denied that it is her burden to show that all the conditions precedent for an action under Title VII have been satisfied. She also has not denied that, in this case, she has not alleged satisfaction of those particular conditions precedent, that is, (1) having filed a timely charge of discrimination with the EEOC, and (2) having received a right-to-sue letter from the EEOC.

### C. COUNT V—TANGIBLE EMPLOYMENT ACTION SEX DISCRIMINATION UNDER TITLE VII AGAINST THE BOARD

As reiterated by Byrne, the claimed tangible employment actions here are the alleged informing of state officials and employees that she has lost her position as leader of the Responsible Vendor Program, her removal from that position, and her removal from other related task forces, committees, and appointments. The fact that others have been informed of the organizational changes affecting Plaintiff is not itself an adverse employment action. Plaintiff has cited no authority showing otherwise. The other changes affecting Plaintiff also fall short of an adverse employment action, since Byrne does not claim, nor could she on the facts of this case, that she lost her job title, compensation, or benefits.

The alleged fact that the asserted status of Byrne in the alcohol and tobacco control community has been adversely affected, even if true, is not something for which the Defendants are responsible, nor does it constitute an adverse employment action in and of itself. (Plaintiff has conceded that she is not asserting deprivation of a due process liberty interest.) Assuming all of Plaintiff's allegations to be true, she still has not suffered an actionable employment action.

Byrne's allegation that, when she was no longer a Division Chief, there were no other female Division Chiefs remaining (Second Am. Compl., ¶ 36) cannot satisfy the requirement that she demonstrate the existence of one or more similarly situated

5

male employees who were treated more favorably than she was treated. This allegation does not include any male employee with which Plaintiff may be compared.

In Plaintiff's response she asserts that she alleged that male Division Chiefs were not subjected to the same adverse treatment she alleges. In fact, the allegation she references from her Second Amended Complaint (*id.* ¶ 95) does not mention Division Chiefs, nor does it assert that any male employees were similarly situated to her.

The Defendants' contention is not that Byrne must prove in her complaint that similarly situated male employees were not subjected to the same alleged adverse employment actions that she was. Rather, the Defendants assert that Plaintiff must allege facts that are sufficient for such a showing. She has not done so. The circumstances of the allegedly similarly situated employees must be "nearly identical" to those of the plaintiff. *McCann v. Tillman*, No. 07-11743, 2008 WL 1991172, at *2 (11th Cir. May 9, 2008). In this regard, Plaintiff has alleged only that Andy Knight, a younger male employee whom Plaintiff formerly supervised, is now the person to whom Plaintiff now reports, although her job title has not changed. (Second Am. Compl., ¶¶ 14, 24.)

Even under the simplified standard for pleading set forth in the Federal Rules of Civil Procedure, a court may dismiss a complaint if it is clear that no relief could

6

be granted under any set of facts that could be proved consistent with the allegations. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 122 S. Ct. 992 (2002). Plaintiff has not met even this liberal standard.

### D. COUNT VI—HOSTILE WORK ENVIRONMENT SEX DISCRIMINATION UNDER TITLE VII AGAINST THE BOARD

The Defendants reiterate that the alleged acts of harassment have not been sufficiently alleged as having been based on Byrne's gender; nor, as a matter of law, do they rise to the level of actionable harassment. They are not sufficiently severe or pervasive, even if they occurred as alleged by Byrne. A hostile work environment claim requires acts "different in kind" from discrete employment decisions, that is, acts, such as discriminatory intimidation, ridicule, and insult, whose very nature involves repeated conduct. *McCann*, 2008 WL 1991172, at *7. Under no circumstances do the Plaintiff's allegations add up to an abusive working environment for her.

### E. COUNT VII—TANGIBLE EMPLOYMENT ACTION RETALIATION UNDER TITLE VII AGAINST THE BOARD

Byrne has not adequately responded to the Defendants' argument that she cannot show that she engaged in protected activity, because she could not have had an objectively reasonable belief that the actions of the Board constituted prohibited gender discrimination. Nor has Byrne refuted the Defendants' contention that no

reasonable employee would have found the actions of the employer to be materially adverse to Plaintiff. In addition, Plaintiff has not overcome, nor even mentioned, the fact that the passage of six months between the alleged protected activity and the alleged retaliation negates the necessary element of causation in her retaliation claim.

Nothing in the Plaintiff's Second Amended Complaint could support a finding that the legitimate, nonretaliatory reasons given by the Board for its actions were a pretext for prohibited retaliation, such as would allow a fact finder to find that the reasons are unworthy of credence due to weaknesses, implausibilities, inconsistencies, incoherencies or contradictions in the proffered reasons. *See McCann*, 2008 WL 1991172, at *4.

### F. COUNT VIII—HOSTILE WORK ENVIRONMENT RETALIATION UNDER TITLE VII AGAINST THE BOARD

Just as the alleged adverse employment actions are insufficient as a matter of law for purposes of Plaintiff's gender-based harassment claim, the same actions are similarly inadequate to show a retaliation-based harassment claim. Among other points raised in their initial Memorandum, the Defendants emphasize, in particular, that the alleged harassing conduct must be "extreme" to support the claim, and that under no fair reading of the Plaintiff's allegations could the conduct of the Board be characterized as extreme.

## CONCLUSION

The Court should dismiss this action against Defendants in its entirety, due to the failure of Plaintiff to state a claim upon which relief can be granted.

Respectfully submitted this 28th day of May, 2008.

        s/Joseph W. Adams
        Joseph W. Adams
        Post Office Box 1487
        Ozark, Alabama 36361
        Tel: (334) 774-5533
        Fax: (334) 774-1252
        E-Mail: Joeadamslaw@aol.com
        Bar Number: ASB-3743-A34J


        s/Robert A. Huffaker
        Robert A. Huffaker
        Rushton, Stakely, Johnston
        & Garrett, P.A.
        Post Office Box 270
        Montgomery, Alabama 36101-0270
        Tel: (334) 206-3215
        Fax: (334) 481-0814
        E-Mail: rah@rsjg.com
        Bar Number: ASB-7668-U79R

        Attorneys for Defendants Alabama
        Alcoholic Beverage Control Board
        and Emory Folmar

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 28th day of May, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record and I hereby certify that I have mailed, by United States Postal Service, the foregoing document to the following:

      Jay Lewis
      Fred Clements
      Law Offices of Jay Lewis, LLC
      Post Office Box 5059
      Montgomery, Alabama 36103

                                              s/Robert A. Huffaker